UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN L. MEININGER,
etc.,

    Plaintiff,

v.                                CASE NO. 8:12-CV-871-T-17EAJ

TARGET NATIONAL
BANK,

    Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 25  Motion for Sanctions
Dkt. 26  Supplemental Memorandum
Dkt. 27  Response

Defendant has filed a Motion for Sanctions in connection with Plaintiff's Motion for Leave to Amend Complaint, and Amended Motion for Leave to Amend Complaint.

I. Standard of Review

    Fed. R. Civ. P. 11 provides:

    ........

    **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

Case No. 8:12-CV-871-T-17EAJ

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

......

**(c) Sanctions.**

**(1) *In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

When ruling on a Rule 11 motion for sanctions, the Court determines: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Byrne v. Nezhat, 261 F.3d 1075, 1105 (11th Cir. 2001). The objective standard takes into account "reasonableness under the circumstances" and "what was reasonable to believe at the time" the representation to the Court was made. Aetna Ins. Co. v. Meeker, 953 D.2d 1328, 1331 (11th Cir. 1992). The second test focuses on whether the lawyer would have been aware that the claims were frivolous had he made a reasonable inquiry. Jones v. International Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995). The reasonableness of the prefiling inquiry depends on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the underlying facts; and whether the paper was based on a plausible view of the law. Id. (citing Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987)). Even assuming that the filing of an initial paper does not violate Rule 11 based

Case No. 8:12-CV-871-T-17EAJ

on the circumstances at the time the paper was signed, the filing of an amended paper that does not "substantially address[ ]" matters that have become frivolous based on newly discovered facts "violates the duty to conduct a reasonable pre-filing inquiry into fact." Gutierrez v. City of Hialeah, 729 F.Supp. 1329, 1334 (S.D. Fla.1990). Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts," but not when a party's evidence to support a claim is "merely weak." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002).

II. Discussion

A. Objectively Frivolous

Defendant contends that Plaintiff's Amended Motion for Leave to Amend is part of an ongoing pattern and practice of such motions being presented for an improper purpose. The Court understands the alleged improper purpose to be needlessly increasing the cost of litigation. The alleged sanctionable conduct includes: 1) the request to file an amended complaint in which the factual allegations do not have evidentiary support as to additional debt collectors and AllianceOne; 2) material misquotation of Telephone Consumer Protection Act by omission of the prior consent exception; 3) mis-statement of the applicable law as to relation-back by failure to cite controlling precedent, and by mis-statement as to the identity of Target and other entities.

Plaintiff responds that Defendant Target improperly requests sanctions based on Plaintiff's timely-filed Motion for Leave to Amend Complaint and Amended Motion for Leave to Amend Complaint. Plaintiff argues that Defendant's contention that Plaintiff and counsel have engaged in a pattern of filing motions to amend for an improper purpose is not accurate, based on the reasons for denial of motions to amend in other cases. Plaintiff further argues that Plaintiff's Motion seeks to extend the time frame of

Case No. 8:12-CV-871-T-17EAJ

the alleged conduct, and add parties previously undisclosed by Defendant. Plaintiff argues that the basis for the amendment is sworn testimony of Debtors Elida and Damir Mujic, the testimony of Target, Target's discovery responses and the records of entities Plaintiff seeks to add. Plaintiff contends that Plaintiff's claims are well-grounded in fact and expected to lead to further support during the course of discovery. Plaintiff also argues that Target does not address Plaintiff's request to extend the time frame of the Amended Complaint back to November 1, 2009, conceding that this is an appropriate request. Plaintiff further argues that Defendant's Supplemental Memorandum is improper.

The Court has reviewed the sworn testimony that was available to Plaintiff at the time of the filing of the Motion for Leave to Amend and Amended Motion for Leave to Amend. This includes that transcript of the 341 meeting, the deposition of Susan Wolf, the updated Answers to Interrogatories, and the telephone records. The Court concludes that this is a case in which the evidence is "merely weak" rather than a case involving claims having no factual or legal basis at all. The Motion to Amend, Amended Motion to Amend and the proposed Amended Complaint are not devoid of a reasonable factual and legal basis. As to the presence of a larger pattern of filing motions for an improper purpose, Plaintiff has argued that the reasons for denial of a motion to amend in other cases were different than the factual posture of this case. The Court cannot conclude that a larger pattern of filing motions for an improper purpose is present.

B. Reasonable Inquiry

Because the Court has concluded that the Motions and Amended Complaint are not objectively frivolous; the Court does not reach the issue of whether the person who signed the pleadings should have been aware they were frivolous if the person conducted a reasonable inquiry.

Case No. 8:12-CV-871-T-17EAJ

As to the presence of a reasonable factual basis, the Court concludes that the proposed Amended Complaint may be deficient, but Plaintiff's conduct is not sanctionable. There are disputed issues that it would be appropriate to resolve on summary judgment. As to the presence of a legal theory that has no reasonable chance of success, there are legal issues that it would be appropriate to resolve on summary judgment after consideration of all relevant facts. As to whether the motion was filed as part of a larger pattern of filing motions to amend for an improper purpose, there is a troubling appearance of a pattern of conduct, but Plaintiff has distinguished the basis for the denial of leave to amend in other cases from the posture of this case. The Court would have to conclude that a pattern is present before determining that the alleged pattern merits the award of sanctions. If it becomes apparent at a later stage of this case that Plaintiff's Motion to Amend was brought for an improper purpose, there are other means available to seek the imposition of sanctions. After consideration, the Court denies Defendant's Motion for Sanctions. Accordingly, it is

**ORDERED** that Defendant's Motion for Sanctions (Dkt. 25) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 18th day of September, 2013.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record